IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ISAAC DAWSON,

       Plaintiff,                No. 12-cv-1198 EFB P

  vs.

NELSON,

       Defendant.             <u>ORDER</u>

_____/

      Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and is before the undersigned pursuant to plaintiff's consent.  *See* 28 U.S.C. § 636; *see also* E.D. Cal. Local Rules, Appx. A, at (k)(4).

      On June 8, 2012, the court screened plaintiff's complaint for purposes of 28 U.S.C. § 1915A and found that, liberally construed, the complaint stated a cognizable Eighth Amendment claim against defendant Nelson.  Dckt. No. 8.  The court directed plaintiff to submit the necessary documents for the United States Marshal to serve defendant Nelson with process, and warned plaintiff that failure to do so could result in his case being dismissed.  *Id.*  Although plaintiff's copy of the court's order was returned with a notation that plaintiff was no longer confined to the county jail, plaintiff was properly served.  It is the plaintiff's responsibility to

1

1  keep the court apprised of his current address at all times. Pursuant to Local Rule 182(f), service
2  of documents at the record address of the party is fully effective. The time for acting in
3  accordance with the court's order passed, and plaintiff did not submit the documents required for
4  service or otherwise respond to the court's order. Nor did plaintiff provide the court with a
5  current address. Accordingly, the court dismissed this action without prejudice on July 25, 2012,
6  and judgment was entered. Dckt. Nos. 11, 12. The mail sent to plaintiff on July 25, 2012 was
7  also returned as "undeliverable."

8      On November 5, 2012, after this case was closed, plaintiff filed a request for status,
9  asking that his case be reopened, if it had been closed. Dckt. No. 13. The court construes
10  plaintiff's request as seeking relief from judgment pursuant to Rule 60(b) of the Federal Rules of
11  Civil Procedure, which provides as follows:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

17  Plaintiff indicates that he has not received the court's orders and that he was transferred from a
18  county jail to a state prison. He does not, however, provide the court with his current address.
19  Through his current filing, plaintiff fails to show he is entitled to the requested relief.

20      Accordingly, it is hereby ORDERED that plaintiff's request for relief from judgment
21  (Dckt. No. 13) is denied without prejudice.

22  Dated: November 8, 2012.

                        EDMUND F. BRENNAN
                        UNITED STATES MAGISTRATE JUDGE